# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

JEROME HAMPTON,                          Civil Action No._____

                    Plaintiff            DEMAND JURY TRIAL

**v.**

**Anne Mary Carter, BOP Warden, Morgan Town, West Virgin;**

**Timothy J. Ervin, FBI Special Agent,**

**Brian Mumford, FBI Special Agent**

**Alyson Samuels, FBI Special Agent,**

**Tucker G. Vanderbunt, FBI Special Agent,**

**Ryan M. Pardee, FBI Special Agent,**

**Dr.Waters M.D. BOP, Morgan Town, West Virgin,**

**Charles E. Samuels, Jr, Director, Federal Bureau of Prisons,**

**James B. Comey, Director of Federal Bureau of Investigations**

**John Doe- Physician Assistant, BOP, Morgan Town, West Virgin,**

**Mary Doe- Prince George's County Police Officers, State of Maryland,**

**John Doe/ Mary Doe, Chief of Police Prince George's County, State of Maryland**

**in their individually capacities**

## Defendants.

# I. JURISDICTION & VENUE

1. This action arises under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). 28 U.S.C. § 2674, 28 U.S.C. § 1346 (b), under Federal Colors of Law, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a) (3).

1

2. The District of Columbia is an appropriate venue under 28 U.S.C. sections 1391 (b) (20 because it is where the events giving rise to this claim occurred.

# II. PARTIES

## PLAINTIFF

3. Plaintiff Jerome Hampton is a United States citizen, currently living in Upper Marlboro Maryland.

4. Plaintiff was a prisoner of the Federal Bureau of Prisons from September 2010, until July 2013. In June 2013, Plaintiff's conviction was overturned by the United States Court of Appeals for the District of Columbia Circuit.

## DEFENDANTS

5. Anne Mary Carter is the Warden of BOP Morgan Town West Virginia; she is legally responsible for the operation of BOP Morgan Town, West Virginia, and the welfare of all the inmates of that prison.

6. Timothy J. Ervin, is FBI Special Agent, in the Washington D.C., area. He is legally responsible for upholding the Laws of the United States and the State of Maryland.

7. Brian Mumford, FBI Special Agent, in the Washington D.C., area. He is legally responsible for upholding the Laws of the United States and the State of Maryland.

8. Alyson Samuels, FBI Special Agent, in the Washington D.C., area. He is legally responsible for upholding the Laws of the United States and the State of Maryland.

9. Tucker G. Vanderbunt, FBI Special Agent, in the Washington D.C., area. He is legally responsible for upholding the Laws of the United States and the State of Maryland,

10. Dr. Waters, M.D. Federal Bureau of Prisons, in the State of West Virginia, he is a Licensed Physician.

11. Charles E. Samuels Jr, Director of the Federal Bureau of Prisons, he is responsible for, the operation of the Bureau of Prisons.

12. James B. Comey, Director of the Federal Bureau of Investigation, he is responsible for the operation of the Federal Bureau of Investigations.

13. John Doe-Physician Assistants, Federal Bureau of Prisons, in the State of West Virginia, he is a Licensed Physician Assistants.

14. Mary Doe- Police Officer Prince George's County, the State of Maryland, is responsible for the lives and property, of the Citizens.

15. John Doe/ Mary Doe, Chief of Police Prince George's County, the State of Maryland, is responsible for the Operation of the Police Department.

16. Each defendant is sued individually and in his/her individually capacity. At all times mentioned in this complaint each defendant acted under the color of state law, and laws of the United States.

## III. FACTS

17. Plaintiff is African American.

18. On June 19, 2007, at approximately 6:00, am, Plaintiff was arrested, at his house, by Agents of the Federal Bureau of Investigations and a Female Police Officer of Prince George's County, the State of Maryland.

19. On June 19 ,2007, at approximately 6:00,am, Plaintiff asked to see  the arrested warrant, from the Agents of the  Federal Bureau of Investigations and the  Female Police Officer of Prince George's County the, State of Maryland.

20. On June 19, 2007, at approximately 6:00, am, Agents of the Federal Bureau of Investigations and the Female Police Officer of Prince George's County, the State of Maryland, refused to produce the arrest warrant.

21. Agents of the Federal Bureau of Investigations and the Female Police Officer of Prince George's County, the State of Maryland, restrained Plaintiff of his liberty by words and acts that Plaintiff feared to disregard.

22. Agents of the Federal Bureau of Investigations and a Female Police Officer of Prince George's County, the State of Maryland, did not witness Plaintiff commit felony or breach of peace.

23. On June 19, 2007, at approximately 6:00, a.m., Agents of the Federal Bureau of Investigations entered the private home of the Plaintiff's, without producing a search warrant.

24. On June 19, 2007, at approximately 6:00, a.m., Plaintiff's minor children were placed in handcuffs, by Agents of the Federal Bureau of Investigations.

25. On June 19, 2007, at approximately 6:00, a.m.,  Plaintiff's  minor children were removed from house in handcuffs, and placed on their knee's outside the home by Agents of the Federal Bureau of Investigations.

3

26. Agents of the Federal Bureau of Investigations and Female Police Officer of Prince George's County, the State of Maryland, did not witness Plaintiff's minor children commit felony or breach of peace.

27. On June 19, 2007, at approximately 6:00 a.m., Agents of the Federal Bureau of Investigations searched Plaintiff's house.

28. On June 19, 2007, Plaintiff was transported from the State of Maryland to Washington D.C. Jail, by Agents of the Federal Bureau of Investigation.

29. On June 19, 2007, Plaintiff was not taken before a Federal Magistrate in the State of Maryland.

30. On June 19, 2007, Plaintiff was denied access to the Federal Courts in the State of Maryland, after being arrested.

31. On June 19, 2007, Plaintiff was not taken before a Local Judge in the State of Maryland.

32. On June 19, 2007, Plaintiff was denied access to the State Courts in the State of Maryland, after being arrested.

33. On June 19, 2007, Plaintiff was removed from the State of Maryland by Agents of the Federal Bureau of Investigations, without Extradition Hearing.

34. On June 19, 2007, Female Police Officer of Prince George's County allowed Plaintiff to be extradited, by Agents of the Federal Bureau of Investigation, from Maryland to Washington D.C.

35. The restraint of Plaintiff's liberty caused other damages: inconvenience and discomfort, lots of time, mental suffering, injury to reputation, distress and anguish, humiliation, public ridicule, and public disgrace.

36. On July 15, 2013,  Defendant Anne Mary Carter who is the Warden of  BOP Morgan Town, West Virginia, She is legally responsible for  the operation of BOP Morgan Town, West Virginia, and the welfare of all the inmates of that prison.

37. On July 15, 2013, Plaintiff went to Prison Health Care, for a Nerve Issue.

38. On July 15, 2013, the Plaintiff was seen by John Doe-Physician Assistants, Federal Bureau of Prisons, in the State of West Virginia, he is a License Physician's Assistant.

39. On Plaintiff second visit to Prison Health Care, he was seen by Dr. Waters M.D.  Federal Bureau of Prisons, in the State of West Virginia, he is a License Physician.

40. Plaintiff was left in pain, after being treated by Dr. Water MD and John Doe-Physician Assistants.

4

41. Dr. Water MD and John Doe-Physician Assistants had a duty to Plaintiff.

42. Dr. Water MD and John Doe-Physician Assistants, breached duty that was owned to Plaintiff.

43. Warden Anne Mary Carter had a duty to Plaintiff, to provide Standard Medical Care.

44. Plaintiff is a residence of the State of Maryland.

45. Defendant Dr. Water, M. D. is a physician licensed to practice medicine in West Virginia and regularly engages in the practice of medicine in Morgan Town, West Virginia.

46. Defendant Dr. Water, M.D. work for Federal Bureau of Prisons, which is Head Quarter in Washington D.C., area.

47. This claim exceeds the jurisdiction limit of the West Virginia, and the appropriate venue for this suit is Washington D.C. Federal District Court, as all three Defendants, Warden Anne Mary Carter, Dr. Water M.D., and John Doe- Physician Assistants, employer have their principle place of business around the Washington D.C., area.

48. John Doe, a Physician Assistants licensed to practice medicine in West Virginia and regularly engages in the practice of medicine in Morgan Town, West Virginia.

49. John Doe, a Physician Assistants work for Federal Bureau of Prisons, which is Head Quarter in Washington D.C., area.

50. Warden Anne Mary Carter, work for Federal Bureau of Prisons, which is Head Quarter in Washington D.C., area.

51. The United States Court of Appeals for the District of Columbia Circuit overturned Plaintiff's Conviction, in the year of 2013.

# IV. CAUSES OF ACTION

## Fourth Amendment

## Unlawful Search and /or Seizure

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue but upon probable cause, supported by oath of or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. " U.S. const. amend. IV

52. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee,  who were FBI Agents, used  illegal wire and  bugging devices, as evidence against Plaintiff.

53. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, who were FBI Agents, conducted a False Arrest on the Plaintiff, which was a 'seizure' and the seizure was unreasonable.

54.  Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, who were FBI Agents, conducted a False Arrest on the Plaintiff's minor children, which was a 'seizure' and the seizure was unreasonable.

55. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee,  who were FBI Agents, Participated in the false Imprisonment of Plaintiff, by restraint of Plaintiff against his will, within boundaries fixed by defendant, and the unlawfulness of the restraint.

56. Plaintiff restraint of freedom of movement was total.

57.  Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee,  who were FBI Agents, Participated in the false Imprisonment of Plaintiff's minor children, by restraint of Plaintiff  minor children against their will, within boundaries fixed by defendant, and the unlawfulness of the restraint.

58. Plaintiff's minor children restraint of freedom of movement was total.

59.  Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee,  who were FBI Agents, Participated in searching Plaintiff's  house, without a Search Warrant.

# Fifth Amendment

Deprive one of life, liberty, or property without Due Process

60. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, who were FBI Agents, deprived Plaintiff of Extradition Hearing.

61. Plaintiff was taken from the State of Maryland to Washington D.C., by Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, and Ryan M. Pardee, who were FBI Agents.

62. Plaintiff being an African-American was treated different then a White American, a White American would have been granted an Extradition Hearing.

63. Plaintiff was not given notice and an opportunity to be heard, before being extradited.

64. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee,  who were FBI Agents, actions were random and unauthorized.

# Sixth Amendment

Legal Counsel and Hearing

65. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, who were FBI Agents, denied Plaintiff a criminal defendant, assistance of Legal Counsel, when he was extradited from the State of Maryland to Washington D.C.

# Eighth Amendment

Cruel and Unusual punishment

66. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee,  who were FBI Agents, placed Plaintiff's  minor children in handcuffs, and had them remain on their knees, which amounted to deliberate indifference for their safety.

67.  Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee,  who were FBI Agents, traveled from Washington D.C., to the  State of Maryland, went on private property without an Arrest Warrant, Placed Plaintiff under arrest,  and Assaulted him,  amounting to deliberate indifference.

68. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee,  who were FBI Agents, traveled from Washington D.C., to the  State of

Maryland,  went on private property without a Search Warrant, Placed the Plaintiff under arrest and Assaulted him  and searched Plaintiff's House, which  amounted to deliberate indifference.

69.  Plaintiff had a particular medical condition and Dr. Water M.D. a License Physican under the State of West Virginia, did not permit him proper treatment ( Nerves in Back).

70.  Plaintiff had a particular medical condition and John Doe, Physician Assistants License under the State of West Virginia, did not permit him proper treatment ( Nerves in Back).

# COUNT ONE

## VIOLATION OF THE FOURTH AMENDMENT

71. The foregoing allegations are re-alleged and incorporated paragraphs 1-70 above.

72. Plaintiff arrest, false imprisoment, illegal search of his home, arrest of his minor children, false imprinment of his minor children, and detention, violated the Fourth Amendment to the United States Constitution because ,(a) he was arrested for the unlawful purpose of detaining him and /or for further investigation. (b) because there was no probable cause to search his house, (c) because of Defendants' unreaonable and unlawful searches, including strip searches. (d) illegal wire taps and bugging devices were used to gather evidence against Plainitff.

73. This count is against all Defendants who were FBI Agents or Supervised the FBI Agents.

# COUNT TWO

## VIOLATION OF THE FIFTH AMENDMENT

74. The foregoing allegations are re-alleged and incorporated paragraphs 1-73 above.

75. The arrest and Extradition conditions under which Plaintiff was detained violated both the substantive and procedural components of the Fifth Amendment to United States  Constitution, (a) he was arrested for unlawful purpose. (b) because there was no probable cause to secure his arrest. (c) because of the prolonged excessive, and punitive conditions of Plaintiff detention. (d) Plaintiff was treated differently then similar situated  White Americans. (e) because there was no individualized Extration  Hearing, or proper process before Plaintiff was extradited from the State of Maryland to Washington D.C., and  was detained under excessive and punitive conditions.

76. This count is against all Defendants who were FBI Agents or Supervised the FBI Agents.

## COUNT THREE

## VIOLATION OF THE SIXTH AMENDMENT

77. The foregoing allegations are re-alleged and incorporated paragraphs 1-76 above.

78. All criminal defendants are entitled to a substantive and procedural component of the Sixth Amendment to the United States Constitution, (a) Plaintiff was Extradited from the State of Maryland to Washington D.C., without assitance of Legal Counsel. (b) Plaintiff was not given an opportunity to be heard at Extradition Hearing.

79. This count is against all Defendants who were FBI Agents or Supervised the FBI Agents

## COUNT FOURTH

## VIOLATION OF THE EIGHTH AMENDMENT

80. The foregoing allegations are re-alleged and incorporated paragraphs 1-79 above.

81. Plaintiff was convicted and spent time in prison. Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, who were FBI Agents, (a) disregards an excessive risk to Plaintiff's safety. (b) Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, who were FBI Agents, had knowledge about the substantial risk of serious harm to Plaintiff by him going to prison. (c) Placed Plaintiff's minor children in handcuffs showing deliberate indifference to their safety. (d) Dr. Water M.D. did not do what a reasonable, ordinary doctor would do treating the Plaintiff. His treatment deviated from the appropriate standard of care. (e) John Doe, Physician Assistant, did not do what a reasonable, ordinary Physician Assistant would do treating the Plaintiff. His treatment deviated from the appropriate standard of care during.

## COUNT FIFTH

## UNLAWFUL ARREST AND DETENTION

## (42 U.S.C. § 1983)

82. The foregoing allegation are re-alleged and incorpored paragraphs 1-81 above.

83. Defendant Mary Doe- Female Police Officer of Prince George County,State of Maryland, action violated Plaintiff constitutional and legal rights under the Fifth Amendment by way of the Fourteenth Amendment to be free from unlawful arrest and false imprisoment.

84. Defendant Mary Doe- Female Police Officer of Prince George County,State of Maryland, action violated Plaintiff minor children, constitutional and legal rights under the Fifth Amendment by way of the Fourteenth Amendment to be free from  unlawful arrest and false imprisoment.

85. Defendant Mary Doe- Female Police Officer of Prince George County,State of Maryland, action violated Plaintiff constitutional and legal rights to an Extradition Hearing, before being taken from the State of Maryland, under the Sixth Amendment by way of the Fourteenth Amendment.

86. Defendant Mary Doe- Female Police Officer of Prince George County,State of Maryland, action violated Plaintiff constitutional and legal rights under the Six Amendment by way of the Fourteen Amendment  to legal counsel in all criminal defendant matters.

87. Defendant Mary Doe- Female Police Officer of Prince George County,State of Maryland, action violated Plaintiff constitutional and legal rights under the Fourth Amendment by way of the Fourteen Amendment, law enforment officer must attain a Search Warrant before searching a resident.

88. Defendant Mary Doe- Female Police Officer of Prince George County,State of Maryland, action violated Plaintiff constitutional and legal rights under 42 U.S.C. § 1983 and the Fourth, Fifth  Sixth, and Fourteen Amendment of the United States Constituiton.


# COUNT SIXTH

# UNLAWFUL MAINTENCANCE OF RECORDS

## (Expungement Action at Common Law)

89. . The foregoing allegation are re-alleged and incorpored paragraphs 1-88 above.

90. Upon information and belief, Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee, who were FBI Agents, have entered and presently records relate to Plaintiff's arrest and detention in the NCIC AND TSC databases, respectively.

91. Upon information and belief, Defendants, Timothy J. Ervin, Tucker G. Vanderbunt, Alyson Samuels, Brian Mumford, Ryan M. Pardee,  who were FBI Agents, have entered and presently maintain records related to Plaintiff's arrest and detention in other database  and record systems.

92. The government may not retain records of arrests or detention where the maintenance of such records would be fundamentally unfair, such as where the arrest or detention was illegal and unconstitutional.

93. Plaintiff's arrest and detention violated the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

## RELIEF

WHEREFORE, Plaintiff respectfully requests relief as follows:

94. A declaration that Defendants' action violated the Constitution; Fourth Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment and 42 U.S.C. § 1983.

95. A declaration that Defendants' actions, practices, customs, and policies, regarding, detention, alleged herein were unjustified, illegal and violated the constitutional and legal rights of Plaintiff's.

96. Expungement of all FBI and U.S. Marshall records, fingerprints, DNA, and notation relating to the unlawful arrest and detention of Plaintiff's.

97. Expungement of all FBI and U.S. Marshall files in the NCIC, TSC and any other databases, that are unconstitutional, unlawful, or inaccurate.

98. The Defendants actions, practices, customs, policies, who perform medical treatemet of Plainitt's and along with their Supervisors, were responsiable, unjustified, illegal and violatetion of the constitutional and legal rights of Plainitiff's medical treatment.

99. Trial by Jury.

100. Compensatory damages in an amount to be proven at trial.

101. Punitive damges in an amount to be proven at trial.

102.Costs and reasonable attorney fees.

103. Such other relief as the Court deems just and equitable

DATE : SEPTEMNBER 22, 2014

Respectfully Submitted

JEROME HAMPTON  Plaintiff

Raymond J. Vanzego, Jr Esquire

Attorney for Plaintiff

9450 Pennsylvania, Ave, Suite 5

Upper Marlboro, MD 20772

301.599.0003